BAM/JMB USAO#2025R00259

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. DKC 25 cr 156 |
| v. | * | (Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349; Wire Fraud, 18 U.S.C. § 1343; Aggravated Identity Theft, 18 U.S.C. § 1028A; Obstruction of Justice, 18 U.S.C. § 1503; and Forfeiture, 18 U.S.C. §§ 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| BELINDA NCHUNG AGBOR, a/k/a "MARIAM BATCHILLY," | * | |
| Defendant. | * | |

******

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Indictment:

1. Defendant **BELINDA NCHUNG AGBOR**, a/k/a "**MARIAM BATCHILLY**" ("**AGBOR**"), was a citizen of Cameroon and the United States.

2. In or about October 2015, a federal grand jury in the Northern District of Georgia returned an indictment charging **AGBOR** with multiple federal offenses. A federal arrest warrant was issued for **AGBOR**. **AGBOR** fled the United States and began residing in the United Kingdom under a false identity.

3. In or about September 2019, ANAIS THALIA OSSELE MASSABA ("MASSABA") and NJUH VALENTINE FOMBE ("FOMBE") were married and residing in Maryland.

4. In or about September 2019, a federal grand jury in the District of Maryland charged FOMBE with multiple federal offenses. *See United States v. Njuh Valentine Fombe*, Criminal No. DKC-19-452 (D.Md.). Thereafter, an arrest warrant was issued for FOMBE.

5. FOMBE subsequently fled the United States for the United Kingdom to avoid arrest and prosecution. MASSABA relocated to the United Kingdom to join FOMBE.

6. **AGBOR** assisted FOMBE and MASSABA in their flight from the United States and relocation to the United Kingdom.

7. The Maryland Department of Labor (MD-DOL) was the state workforce agency ("SWA") that operated the unemployment insurance ("UI") system in Maryland.

8. The MD-DOL contracted with Bank of America ("BOA") to distribute UI prepaid debit cards to claimants during the Coronavirus Disease 2019 ("COVID-19") pandemic.

9. Yahoo Inc., ("Yahoo") was an electronic service provider that offered subscribers internet-based accounts that allowed them to send, receive, and store emails online. Subscriber accounts were typically identified by a single username, which served as the subscriber's default email address.

10. Yahoo allowed subscribers to create and use linked, disposable email addresses that allowed subscribers to receive and send emails without disclosing their permanent email address. Disposable email addresses consisted of two parts, a "base name" and a "keyword," which were ordinarily separated by a dash. An email sent to a disposable email address would be delivered to the inbox of the permanent email address.

11. Personal Identifying Information ("PII") included, but was not limited to, name, date of birth, address, Social Security Number ("SSN"), bank account numbers, bank routing

numbers, and any other name or number that could be used alone or in connection with any other information to identify a specific individual.

12. The identity theft victims are real persons who had their PII and/or means of identification used, transferred, and possessed without their authorization.

13. The MD-DOL used PII in receiving, reviewing, and processing UI claims.

14. During the UI process, computer servers located outside of Maryland transmitted UI claim information by interstate wire communication to MD-DOL computer servers located in Maryland and elsewhere.

### Background on Maryland Unemployment Insurance

15. UI was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own.

16. Beginning in or around March 2020, in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased UI benefits. Although these programs were largely administered by state workforce agencies, the federal government funded the increased benefits.

17. In Maryland, individuals seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including their name, SSN, and mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. The MD-DOL relied upon the information in the application to determine UI benefits eligibility. Once an application was approved, the MD-DOL distributed state and federal UI benefits electronically to a BOA debit card, which claimants could use to withdraw funds and make

purchases. BOA sent MD-DOL UI debit cards via the U.S. Postal Service to the address the claimant provided to MD-DOL. Claimants activated their debit cards via telephone and online.

### The Conspiracy and Scheme to Defraud

18. Between in or about March 2020 and continuing through at least in or about September 2021, in the District of Maryland and elsewhere, the defendant,

**BELINDA NCHUNG AGBOR,**
a/k/a "MARIAM BATCHILLY,"

did knowingly and willfully conspire, confederate, and agree with MASSABA, FOMBE, and others known and unknown, to knowingly devise and intend to devise a scheme and artifice to defraud the MD-DOL, identity theft victims, and the United States to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme to defraud, to transmit and cause to be transmitted by means of wire communications, in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### Manner and Means

It was part of the conspiracy and scheme to defraud that:

19. **AGBOR**, MASSABA, FOMBE, and others obtained, possessed, and transferred the PII of real persons ("identity theft victims"), without lawful authority.

20. **AGBOR**, MASSABA, FOMBE, and others knowingly and willfully used and caused the use of identity theft victims' PII in UI applications, such as name, date of birth, and SSN.

21. **AGBOR**, MASSABA, FOMBE, and others used linked, disposable email addresses in UI applications to obscure their identities and conceal the fraudulent nature of the UI claims.

22. **AGBOR**, MASSABA, FOMBE, and others used proxy servers and virtual private networks to conceal their identities and their locations.

23. **AGBOR**, MASSABA, FOMBE, and others used encrypted messaging platforms to communicate with co-conspirators and transfer, exchange, and aggregate the PII of identity theft victims.

24. **AGBOR**, MASSABA, FOMBE, and others submitted and caused the submission of UI claims and other information to MD-DOL and other state work force agencies, containing materially false and fraudulent representations and promises, which caused interstate and foreign wire communications.

25. **AGBOR**, MASSABA, FOMBE, and others, caused BOA to mail UI related debit cards to physical addresses in Maryland and elsewhere.

26. **AGBOR**, MASSABA, FOMBE, and others, caused BOA to load UI funds to debit cards bearing the names of identity theft victims.

27. **AGBOR**, MASSABA, FOMBE, and others, transferred, distributed, and used fraudulently obtained UI debit cards to obtain money.

18 U.S.C. § 1349.

## COUNTS TWO THROUGH SIX
### (Wire Fraud)

1. Paragraphs 1 through 17 and 19 through 27 of Count One of this Indictment are hereby incorporated by reference.

2. On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

**BELINDA NCHUNG AGBOR,**
**a/k/a "MARIAM BATCHILLY,"**

did knowingly devise and intend to devise a scheme and artifice to defraud the MD-DOL, the United States, and the identity theft victims listed below, to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme to defraud, did knowingly transmit and caused to be transmitted by means of wire communications, in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343, as set forth below.

| COUNT | APPROXIMATE DATE | DESCRIPTION | WIRE |
|---|---|---|---|
| 2 | June 6, 2020 | Filing of a MD-DOL claim in the identity of Identity Theft Victim #1 | From a location outside Maryland to a location in Maryland |
| 3 | June 7, 2020 | Filing of a MD-DOL claim in the identity of Identity Theft Victim #2 | From a location outside Maryland to a location in Maryland |
| 4 | June 8, 2020 | Filing of a MD-DOL claim in the identity of Identity Theft Victim #3 | From a location outside Maryland to a location in Maryland |

| | | | |
|---|---|---|---|
| 5 | June 21, 2020 | Filing of a MD-DOL claim in the identity of Identity Theft Victim #4 | From a location outside Maryland to a location in Maryland |
| 6 | June 21, 2020 | Filing of a MD-DOL claim in the identity of Identity Theft Victim #5 | From a location outside Maryland to a location in Maryland |

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNTS SEVEN THROUGH ELEVEN
### (Aggravated Identity Theft)

1. Paragraphs 1 through 17 of Count One of this Indictment are hereby incorporated by reference.

2. On, about, and between the dates set forth below, in the District of Maryland and elsewhere, the defendant,

**BELINDA NCHUNG AGBOR,**
**a/k/a "MARIAM BATCHILLY,"**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person identified below, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is—Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, and Wire Fraud, in violation of 18 U.S.C. § 1343, as set forth below.

| COUNT | APPROXIMATE TIME PERIOD | DESCRIPTION |
|---|---|---|
| 7 | June 6, 2020 and June 22, 2020 | Identity Theft Victim #1, during and in relation to Count One and Count Two. |
| 8 | June 7, 2020 and June 22, 2020 | Identity Theft Victim #2, during and in relation to Count One and Count Three. |
| 9 | June 8, 2020 and June 22, 2020 | Identity Theft Victim #3, during and in relation to Count One and Count Four. |
| 10 | June 21, 2020 and June 22, 2020 | Identity Theft Victim #4, during and in relation to Count One and Count Five. |
| 11 | June 21, 2020 and June 22, 2020 | Identity Theft Victim #5, during and in relation to Count One and Count Six. |

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## COUNT TWELVE
### (Obstruction of Justice)

1. Paragraphs 1 through 12 of Count One of this Indictment are hereby incorporated by reference.

2. Beginning in and about September 2019 and continuing through in or about June 2022, in the District of Maryland and elsewhere, the defendant,

**BELINDA NCHUNG AGBOR,**
**a/k/a "MARIAM BATCHILLY,"**

did corruptly obstruct, influence, and impede or endeavor to obstruct, influence, and impede the due administration of justice in *United States v. Njuh Valentine Fombe*, Criminal No. DKC-19-452 (D.Md.), a pending proceeding in the U.S. District Court for the District of Maryland, by harboring, concealing, and preventing the discovery and arrest of FOMBE, including by: (1) assisting FOMBE in obtaining an authentic Honduran passport under a false identity, (2) arranging a false marriage between FOMBE and another individual in the United Kingdom so that FOMBE could obtain status in the United Kingdom, and (3) providing FOMBE with money to assist in FOMBE's flight from the United States to the United Kingdom.

18 U.S.C. § 1503
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on any of the offenses charged in Counts One through Six of the Indictment.

### Conspiracy and Wire Fraud Forfeiture

2. Upon conviction of any of the offenses set forth in Counts One through Six, the defendant,

**BELINDA NCHUNG AGBOR,**
a/k/a "MARIAM BATCHILLY,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy and scheme to defraud, including, but not limited to, a money judgment representing the proceeds he obtained from his participation in the scheme to defraud.

### Substitute Assets

1. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence

    b. has been transferred, sold to, or deposited, with a third party

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C).
21 U.S.C. § 853(p).
28 U.S.C. § 2461(c).

*Kelly O. Hayes / BAM*
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson
Date: 5-21-25